UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No: 2:16-CV-00005-BR

JAY K. ENGELL,
    Appellant,

v.

JOHN C. SHEETZ, SR.,
    Appellee.

ORDER

This matter is before the court on Debtor-Appellee John C. Sheetz, Sr.'s ("Sheetz") motion for an award of damages pursuant to Federal Rule of Bankruptcy Procedure 8020. (DE # 25.) Creditor-Appellant Jay K. Engell ("Engell") filed a response in opposition to the motion. (DE # 33.) Engell's former counsel, Phillip Hayes, was served with the motion, but he has not filed any response.

On 1 June 2015, Sheetz filed a Chapter 7 bankruptcy petition with the bankruptcy court for the Eastern District of North Carolina. On 26 August 2015, Engell filed a document titled "Creditor's Objection to Debtor's Exemptions" ("Objection"). On 27 October 2015, Engell filed a document titled "Creditor's Motion to Amend Pleadings." On 31 December 2015, the bankruptcy court entered an order overruling the Objection and denying the motion to amend. On 5 January 2016, the bankruptcy court entered an order amending the 31 December 2015 order.[1] On 20 January 2016, the bankruptcy court granted Sheetz a discharge pursuant to 11 U.S.C. § 727.

---

[1] Other than the case numbers, the orders are identical.

On 3 February 2016, Engell filed a notice of appeal. On 12 April 2016, Sheetz filed a motion to dismiss the appeal. Engell did not file a response to the motion to dismiss, although he did subsequently file an appellant's brief, which necessitated Sheetz filing an appellee brief. On 24 June 2016, this court granted Sheetz's motion and dismissed the appeal as untimely. (DE # 23.)

Sheetz now seeks damages in the amount of $5500 in attorney's fees and expenses incurred in this appeal. Engell, who is now represented by different counsel, acknowledges that the notice of appeal was untimely. (See Resp., DE # 33, at 2.) He argues that the errors of prior counsel were mistakes and states that had he (Engell) "been advised of the impropriety of the appeal prior to its filing or at any time prior to the introduction of new counsel he would have dismissed it." (Id.) Engell requests that the court exercise its discretion to not award damages or, alternatively, that any award be imposed against former counsel Hayes.

Federal Rule of Bankruptcy Procedure 8020(a) provides in relevant part, "If the district court . . . determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee."

> A court considering a motion for sanctions for the filing of a frivolous appeal must "first determine that the appeal is frivolous, and then determine that this is an appropriate case for the imposition of sanctions." *Williams v. United States Postal Service*, 873 F.2d 1069, 1075 (7th Cir.1989). An appeal is frivolous where "the result is obvious or when the appellant's argument is wholly without merit." *Id.* (internal quotation marks omitted). A finding of frivolity is appropriate where an appellant cites no relevant cases in response to a lower court's accurate exposition of the law, and where an appellant's arguments are irrelevant to the issues in dispute. *Id.* . . . . Sanctions for the filing of a frivolous appeal are desirable in an appropriate case because "they compensate the prevailing party for the expense of having to defend a wholly meritless appeal, and by deterring frivolity, they preserve the appellate calendar for cases truly

2

worthy of consideration." [*Dungaree Realty, Inc. v. United States*, 30 F.3d 122, 125 (Fed. Cir. 1994)] (internal quotation marks omitted).

Prop. Movers, L.L.C. v. Goodwin (In re Prop. Movers, L.L.C.), 31 F. App'x 81, 84 (4th Cir. 2002).

The appeal in this case is frivolous based on its result being obvious. As discussed in the court's 24 June 2016 order, Engell's appeal challenges the dischargeability of the debt Sheetz owed him. That issue was resolved by the bankruptcy court's 31 December 2015 order and that order was final. (6/24/16 Order, DE # 23, at 4-5.) Federal Rule of Bankruptcy Procedure 8002 provides a 14-day period within which to file a notice of appeal, and failure to do so divests the appellate court of jurisdiction over the appeal. (Id. at 2-3.) Engell did not file his notice of appeal within the 14-day window and argued nothing to the contrary when Sheetz sought to dismiss the appeal. The obvious result was the appeal was untimely, and therefore, the appeal was frivolous. Furthermore, this case is appropriate for an award of damages given that Engell filed nothing in response to Sheetz's motion to dismiss, persisted in prosecution of the appeal, and does not seriously contest the frivolous nature of his appeal. Under these circumstances, it is unfair to force Sheetz to bear the expense of defending the appeal. See Lin v. Sharer (In re Lin), Civil Action No. 13-20829, 2016 WL 3951671, at *2 (D.N.J. July 21, 2016) (holding untimely appeal was frivolous and awarding sanctions under Rule 8020(a) where the "[d]ebtor's attorney provided no explanation as to why the appeal of the Order was non-frivolous"); LeLiever v. Ward, No. 3:13-cv-204-GCM, 2013 WL 1891289, at *3 (W.D.N.C. May 6, 2013) (concluding appeal was "obviously untimely" and directing appellant to pay half the appellee's costs). The award of damages, however, will be imposed only against Engell's former counsel Hayes.

For the foregoing reasons, Sheetz's motion is GRANTED. Within 20 days, Sheetz is DIRECTED to file a detailed memorandum with supporting documentation to enable the court to assess the appropriate amount of damages based on reasonable attorney's fees and expenses.

This 22 November 2016.

                                                                          *[signature: Earl Britt]*
                                                                          _____
                                                                          W. Earl Britt
                                                                          Senior U.S. District Judge