UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No: 2:16-CV-00005-BR

| | |
|---|---|
| JAY K. ENGELL,<br>    Appellant,<br><br>    v.<br><br>JOHN C. SHEETZ, SR.,<br>    Appellee. | ORDER |

This matter is before the court on the motion of Phillip Hayes, Esq. ("Hayes") for relief from the court's 22 November 2016 order. (DE # 36.) Debtor-Appellee John C. Sheetz, Sr. ("Sheetz") and Creditor-Appellant Jay K. Engell ("Engell") filed responses in opposition to the motion. (DE ## 39, 40.) Hayes did not file a reply, and the time within which to do so has expired.

By way of background, Hayes represented Engell in regards to a state court action in which Engell obtained a judgment against Sheetz in excess of $477,000. According to Hayes, after Engell began a collection action against Sheetz, Sheetz filed a Chapter 7 bankruptcy petition with the bankruptcy court for this district. "Engell requested that his attorneys[, including Hayes,] from the state court proceedings continue to represent his interests in Sheetz's bankruptcy proceeding, despite cautions that they were not experienced bankruptcy attorneys." (Hayes's Mem., DE # 37, at 2.) In the bankruptcy proceeding, Hayes, on behalf of Engell, filed an objection to the dischargeability of the state court judgment and subsequently a motion to amend the objection. By amended order, the bankruptcy court overruled the objection and denied the motion to amend. The bankruptcy court later granted Sheetz a discharge.

Hayes, on behalf of Engell, filed a notice of appeal. Sheetz filed a motion to dismiss the appeal. Engell did not respond to the motion. This court granted Sheetz's motion and dismissed the appeal as untimely.

Sheetz filed a motion for an award of damages "in the amount of $5,500.00 to be paid by the Appellant" pursuant to Bankruptcy Rule 8020. (DE # 25, at 3.) The motion was served via cm/ecf on Hayes as counsel for Engell. New counsel filed a notice of appearance on behalf of Engell, and the court granted Engell an extension of time to file a response. Hayes moved to withdraw from his representation of Engell, which the court allowed. After obtaining a second extension of time, Engell through new counsel filed a response in opposition to Sheetz's motion for an award of damages. In the response, Engell requested that the court in the exercise of its discretion decline to award damages or, alternatively, that any award be imposed against Hayes. Although the certificate of service attached to the response indicates that Hayes was served via cm/ecf, he was not because, after the court allowed him to withdraw from representation, he no longer received notification of filings in the case via cm/ecf. Hayes did not file a response to Sheetz's motion for an award of damages. By order of 22 November 2016, the court concluded that the appeal was frivolous and that the case was appropriate for an award of damages against Hayes.

After Sheetz filed a memorandum regarding his attorney's fees and expenses, the court ordered that Hayes could contest the reasonableness of the requested fees and expenses within a specified time and directed a clerk to serve a copy of the order on Hayes. In response to the order, Hayes filed the instant motion. According to Hayes, "no notice was ever received by him that damages were contemplated against him personally, and there was no opportunity for him to voice his objections as he had been withdrawn from the case[.]" (Hayes's Mem., DE # 37, at 5.)

Hayes requests that the court vacate its 22 November 2016 order as void pursuant to Federal Rule of Civil Procedure 60(b)(4).

Under this rule, "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" if "the judgment is void." Fed. R. Civ. P. 60(b)(4). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271(2010) (citations omitted). Unlike motions based on other subsections of Rule 60(b), a motion under (b)(4) need not satisfy threshold requirements, such as timeliness and a meritorious defense. Vinten v. Jeantot Marine Alls., S.A., 191 F. Supp. 2d 642, 649-50 (D.S.C. 2002); see also Garcia v. Fin. Group, Inc. v. Va. Accelerators Corp., 3 F. App'x 86, 88 (4th Cir. 2001).

Hayes's motion rests on the fact that he did not receive prior notice that he might be held accountable for damages for a frivolous appeal and therefore entry of the order against him was inconsistent with due process. "Due process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Espinosa, 559 U.S. at 272 (internal quotation marks and citations omitted). The court finds that the failure of Hayes to receive Engell's response and the court's subsequent order awarding damages against him violated due process and renders the order void.

Therefore, Hayes's motion for relief is ALLOWED, and the court's 22 November 2016 order is VACATED. Within 30 days, Hayes may file a response to Sheetz's motion for an award of damages and/or Engell's response to that motion. Within 14 days after Hayes files any

response, any party may file a reply.  The Clerk is DIRECTED to serve a copy of this order on Hayes.

This 17 April 2017.

_____

W. Earl Britt

Senior U.S. District Judge