UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No: 2:16-CV-00005-BR

JAY K. ENGELL,
    Appellant,

v.

JOHN C. SHEETZ, SR.,
    Appellee.

ORDER

This matter is before the court on Debtor-Appellee John C. Sheetz, Sr.'s ("Sheetz") motion for an award of damages pursuant to Federal Rule of Bankruptcy Procedure 8020. (DE # 25.) The motion has been fully briefed and is ripe for disposition.

By way of background, attorney Phillip Hayes represented Creditor-Appellant Jay K. Engell ("Engell") in regards to a state court action in which Engell obtained a judgment against Sheetz in excess of $477,000. Subsequently, Sheetz filed a Chapter 7 bankruptcy petition with the bankruptcy court for this district. Despite his admitted lack of "experience[] with bankruptcy law," Hayes represented Engell's interests in the bankruptcy proceeding. (Hayes' Resp., DE # 42, ¶ 8.) In that proceeding, Hayes, on behalf of Engell, filed an objection to the dischargeability of the state court judgment and subsequently a motion to amend the objection. By amended order, the bankruptcy court overruled the objection and denied the motion to amend. The bankruptcy court later granted Sheetz a discharge.

Hayes, on behalf of Engell, filed a notice of appeal. Sheetz filed a motion to dismiss the appeal. Engell did not respond to the motion, although he did subsequently file an appellant's

brief, which necessitated Sheetz filing an appellee brief. This court granted Sheetz's motion and dismissed the appeal as untimely.

Sheetz filed his motion for an award of damages "in the amount of $5,500.00 to be paid by the Appellant." (DE # 25, at 3.) During the course of initial briefing on the motion, new counsel filed a notice of appearance on behalf of Engell, and Hayes, with leave of court, withdrew from his representation of Engell. Engell through new counsel filed a response in opposition to Sheetz's motion for an award of damages. In the response, Engell requested that the court in the exercise of its discretion decline to award damages or, alternatively, that any award be imposed against Hayes. On 22 November 2016, the court concluded that the appeal was frivolous and that the case was appropriate for an award of damages against Hayes.

After Sheetz filed a memorandum regarding damages of attorney's fees and expenses incurred in this appeal, the court ordered that Hayes could contest the reasonableness of the requested fees and expenses within a specified time and directed the Clerk to serve a copy of the order on Hayes. In response to the order, Hayes filed a motion to vacate the 22 November 2016 order. Finding that the failure of Hayes to receive Engell's response and the court's subsequent order awarding damages against him violated due process and rendered the order void, the court vacated its 22 November 2016 decision to award damages against Hayes. The court gave Hayes the opportunity to respond and gave any other party the opportunity to file a reply to any Hayes' response, if any.

On 17 May 2017, Hayes filed a response to Sheetz's motion for an award of damages. (DE # 42.) Hayes contends he believed in good faith that the bankruptcy court's order overruling Engell's objection to the dischargeability of the state court judgment and denying the

motion to amend was interlocutory and was therefore not appealable until the bankruptcy court granted or denied Sheetz's discharge.

On 31 May 2017, Sheetz and Engell filed replies to Hayes' response. (DE ## 43, 44.) Sheetz argues that the law is clear about the finality of the bankruptcy court's order and points out that this is the first time Hayes is advancing the argument about the interlocutory nature of the bankruptcy court's order. Sheetz maintains that Hayes and/or Engell should reimburse him the attorney's fees incurred in defending the appeal. Engell contends that he justifiably deferred to Hayes' legal experience and notes that his substantial judgment against Sheetz has effectively been lost because of Hayes' actions and omissions. Engell states that had he "been advised of the impropriety of the appeal prior to its filing, or at any time prior to the introduction of new counsel, he would have dismissed it or not filed it[.]" (Engell's Resp., DE # 44, at 2.) He requests, to the extent the court awards damages, the court exercise its discretion that they be awarded against Hayes alone.

Federal Rule of Bankruptcy Procedure 8020(a) provides in relevant part, "If the district court . . . determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee."

> A court considering a motion for sanctions for the filing of a frivolous appeal must "first determine that the appeal is frivolous, and then determine that this is an appropriate case for the imposition of sanctions." *Williams v. United States Postal Service*, 873 F.2d 1069, 1075 (7th Cir.1989). An appeal is frivolous where "the result is obvious or when the appellant's argument is wholly without merit." *Id.* (internal quotation marks omitted). A finding of frivolity is appropriate where an appellant cites no relevant cases in response to a lower court's accurate exposition of the law, and where an appellant's arguments are irrelevant to the issues in dispute. *Id.* . . . . Sanctions for the filing of a frivolous appeal are desirable in an appropriate case because "they compensate the prevailing party for the expense of having to defend a wholly meritless appeal, and by deterring frivolity, they preserve the appellate calendar for cases truly

3

worthy of consideration." [*Dungaree Realty, Inc. v. United States*, 30 F.3d 122, 125 (Fed. Cir. 1994)] (internal quotation marks omitted).

Prop. Movers, L.L.C. v. Goodwin (In re Prop. Movers, L.L.C.), 31 F. App'x 81, 84 (4th Cir. 2002).

The appeal in this case is frivolous based on its result being obvious. As discussed in the court's 24 June 2016 order, Engell's appeal challenges the dischargeability of the debt Sheetz owed him. That issue was resolved by the bankruptcy court's 31 December 2015 order and that order was final. (6/24/16 Order, DE # 23, at 4-5.) Federal Rule of Bankruptcy Procedure 8002 provides a 14-day period within which to file a notice of appeal, and failure to do so divests the appellate court of jurisdiction over the appeal. (Id. at 2-3.) Engell did not file his notice of appeal within the 14-day window. The obvious result was the appeal was untimely, and therefore, the appeal was frivolous.

Furthermore, this case is appropriate for an award of damages. If Hayes had honestly believed the bankruptcy court's order was interlocutory, he would have filed a response to Sheetz's motion to dismiss the appeal to that effect. Instead, Hayes did nothing on behalf of Engell to challenge dismissal of the appeal. He persisted in the prosecution of the appeal by filing an appellant's brief on behalf of Engell. Under these circumstances, it is unfair to force Sheetz to bear the expense of defending the appeal. See Lin v. Sharer (In re Lin), Civil Action No. 13-20829, 2016 WL 3951671, at *2 (D.N.J. July 21, 2016) (holding untimely appeal was frivolous and awarding sanctions under Rule 8020(a) where the "[d]ebtor's attorney provided no explanation as to why the appeal of the Order was non-frivolous"); LeLiever v. Ward, No. 3:13-cv-204-GCM, 2013 WL 1891289, at *3 (W.D.N.C. May 6, 2013) (concluding appeal was "obviously untimely" and directing appellant to pay half the appellee's costs). The award of damages, however, will be imposed only against Hayes.

For the foregoing reasons, Sheetz's motion is GRANTED. Sheetz is DIRECTED to serve a copy of his memorandum regarding his attorney's fees and expenses (DE # 35) on Hayes and to file a certificate of service to that effect.[1] Within 30 days of service, if Hayes wishes to contest the reasonableness of the fees and expenses set forth in Sheetz's memorandum, he must file a response to the memorandum. The Clerk is DIRECTED to serve a copy of this order on Hayes.

This 7 June 2017.

_____

W. Earl Britt

Senior U.S. District Judge

---

[1] The court denies Sheetz's "request[ for] the opportunity to file a supplement to the fees incurred relating to this most recent set of pleadings." (Sheetz's Resp., DE # 43, at 4.) The failure of Hayes to receive notice of Engell's response, which resulted in the court vacating its earlier order, appears inadvertent. The court will not penalize Hayes for that fact.